IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-111-FL

| | |
|---|---|
| WINFRED E. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| KELLY SERVICES, INC. and GIBBS | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court upon the motions of Defendants Gibbs International, Inc. ("Defendant Gibbs") [DE-11] and Kelly Services, Inc. ("Defendant Kelly") [DE-13] (collectively "Defendants") to dismiss Plaintiff's complaint. Plaintiff has responded jointly to the motions, [DE-20], and Defendants have each submitted a reply, [DE-22, -23]. Accordingly, Defendants' motions to dismiss are ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendants' motions to dismiss be granted and Plaintiff's complaint be dismissed.

## I. BACKGROUND

Plaintiff commenced this civil action in the Superior Court of Craven County, North Carolina by filing and having approved by the clerk on December 11, 2012, an Application and Order Extending Time to File Complaint ("clerk's order"), [DE-1-2] at 3, pursuant to Rule 3(a) of the North Carolina Rules of Civil Procedure. The clerk also issued, on December 11, 2012, a Civil

Summons to Be Served With Order Extending Time to File Complaint. [DE-20]. The clerk's order allowed Plaintiff until Monday, December 31, 2012, to file a complaint. [DE-1-2] at 3. The clerk's order specified, however, that the "action shall abate" if the complaint in the case is not filed by the date specified in the order. *Id.*; *see* N.C. R. Civ. P. 3(a). On Friday, December 28, 2012, Plaintiff's counsel deposited the complaint with United Parcel Service ("UPS") in Charlotte, North Carolina for next day air delivery. [DE-20] at 11-12. Plaintiff's complaint was filed on January 2, 2013, in the Superior Court of Craven County. *See* [DE-1-2] at 5-9; [DE-13-2] at 4-8. Defendants were subsequently served with the complaint. [DE-20] at 2-3.

On May 2, 2013, Defendant Gibbs removed this action to this court contending that this court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal jurisdiction pursuant to 28 U.S.C. § 1441(b). [DE-1] at 2. Defendant Gibbs based its claim of federal diversity jurisdiction on Plaintiff's citizenship in North Carolina, Defendant Gibbs' citizenship in South Carolina, and Defendant Kelly's citizenship in South Carolina. *Id.* at 3. Defendant Kelly filed a Notice of Consent to Removal on May 14, 2013. [DE-10]. On May 28, 2013, Defendants each filed the instant motions to dismiss. [DE-11, -13].

## II. LEGAL STANDARD

Defendants challenge the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff's cause of action is time-barred by North Carolina's statute of limitations.[1] The purpose of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits

---

[1] Defendants assert additional grounds for dismissal which the court does not address because it finds dismissal of the action is warranted based on abatement.

2

of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In evaluating a motion to dismiss, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [claimant] in weighing the legal sufficiency of the [pleadings]." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a Rule 12(b)(6) motion does not traditionally resolve the applicability of affirmative defenses listed in Federal Rule of Civil Procedure 8(c), *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), "'the defense that the plaintiff's claim is time-barred'" may be reached on a motion to dismiss "'[w]here facts sufficient to rule on an affirmative defense . . . are alleged in the complaint . . . .'" *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

Rule 12 provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d). Notwithstanding this provision, a court may consider certain matters outside the pleadings when reviewing a Rule 12(b)(6) motion without converting the motion into one for summary judgment, including documents appearing in the record of the case, matters of public record, items subject to judicial notice, matters incorporated by reference into the complaint, and exhibits attached to the complaint whose authenticity is unquestioned. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1357 (3d ed. 2004 & Supp. 2007)); *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004); *In re FAC Realty Sec. Litig.*, 990 F. Supp. 416, 420 (E.D.N.C. 1997). Finally, the decision whether to consider matters outside the pleadings and convert a Rule 12(b)(6) motion into one for summary judgment lies within the court's discretion. *See, e.g., Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997); *Matherly v. Johns*, No. 5:11-CT-3020-BR, 2012 WL 2953671, at *1 (E.D.N.C. July 19, 2012). Here, all of the documents relied upon by the court are the public documents filed in the North Carolina state court proceedings. Accordingly, the court may consider these documents without converting Defendants' motions to dismiss to motions for summary judgment. *See, e.g., Hovey v. Fed. Emergency Mgmt. Agency*, No. 2:07-CV-34-FL, 2008 WL 2113171, at *2 (E.D.N.C. May 19, 2008) (considering documents filed in the Superior Court of Dare County, North Carolina and an affidavit concerning the filing of the complaint without converting the motion to dismiss on grounds of abatement into a motion for summary judgment).

## III. DISCUSSION

Defendants argue that because Plaintiff did not file his complaint by the deadline set forth in the clerk's order the action abated and is subject to dismissal based on the affirmative defense that Plaintiff failed to comply with the statute of limitations for his claim. Def. Gibbs' Mem. [DE-12] at 12; Def. Kelly's Mem. [DE-14] at 2-3. This court agrees.

Rule 3 of the North Carolina Rules of Civil Procedure,[2] which governs commencement of actions in North Carolina courts, does not limit the commencement of actions to the filing of a

---

[2] This court is bound by state law regarding commencement of actions in a case removed to federal court. *See Dravo Corp. v. White Consol. Indus.*, 602 F. Supp. 1136, 1139 (W.D. Pa. 1985); *see also Hovey*, 2008 WL 2113171, at *2.

4

complaint. N.C. R. Civ. P. 3(a); *see Hovey*, 2008 WL 2113171, at *1. As here, a plaintiff may commence a civil action by applying for and obtaining an order from the clerk stating the nature and purpose of the action and permitting the person to file a complaint within 20 days, and having a summons issued therewith before the limitations period expires. N.C. R. Civ. P. 3(a); *see Hovey*, 2008 WL 2113171, at *1; *Lassiter v. LabCorp Occupational Testing Servs., Inc.*, 337 F. Supp. 2d 746, 751-52 (M.D.N.C. 2004) ("Merely filing an application for extension of time is insufficient; a plaintiff must have a summons issued within the relevant statutory period to sustain his claims."). Under this method the action is commenced when a summons is issued. N.C. R. Civ. P. 3(a); *see Young v. U.S. Dep't of Agric.*, No. 1:05-CV-416, 2006 WL 1742948, at *2 (M.D.N.C. June 21, 2006) (stating that an action commences when a summons in issued where the plaintiff follows the provision of Rule 3(a) allowing for an extension of time to file a complaint). The express provisions of Rule 3 further provide that "[i]f the complaint is not filed within the [twenty-day] period specified in the clerk's order, the action shall abate." *Id.*; *see Cannon v. Kroger Co.*, 837 F.2d 660, 661 n.2 (4th Cir. 1988) ("failure to file a full complaint within the 20-day extension period would abate the action").

"The North Carolina courts have rejected the notion that an action that has abated under Rule 3 is simply dormant." *Hovey*, 2008 WL 2113171, at *2. Instead, North Carolina courts hold "abate" to mean "that the action is utterly dead and cannot be revived except by commencing a new action." *Osborne v. Walton*, 110 N.C. App. 850, 853, 431 S.E.2d 496, 498 (1993) ("We find no merit to plaintiff's argument that an abated action remains 'dormant' so that a new action is not needed to revive it.") (citing Black's Law Dictionary 16 (rev. 4th ed. 1968)). "The proper disposition of an action that abates under North Carolina Civil Rule 3(a) is dismissal." *Hovey*, 2008 WL 2113171,

5

at *2; *see also Osborne*, 110 N.C. App. at 853, 431 S.E.2d at 498 (upholding dismissal of case for failure to file timely complaint under extension provision of N.C. R. Civ. P. 3(a)); *Atkinson v. Tarheel Homes & Realty Co.*, 14 N.C. App. 638, 641, 188 S.E.2d 703, 704 (1972) (dismissing case where plaintiff failed to file a timely complaint and meet other requirements of N.C. R. Civ. P. 3(a)).

Here, Plaintiff's complaint alleges Defendants violated common law and North Carolina public policy in discriminating against Plaintiff on the basis of his age by terminating his employment on December 11, 2009. [DE-1-2] at 6-7. The North Carolina General Statutes allow a three-year statute of limitations for such claims, *see* N.C. Gen. Stat. § 1-52, thereby making December 11, 2012, the last date on which Plaintiff could have timely initiated this action. On December 11, 2012, the last day of the statutory period, Plaintiff sought and was granted an order from the clerk for a 20-day extension of time in which to file his complaint, up to and including December 31, 2012. Additionally, the clerk issued a civil summons, thereby complying with the requirements of Rule 3 for commencing an action without filing a complaint.

As acknowledged by the parties, and evidenced by the record, Plaintiff's complaint was filed on Wednesday, January 2, 2013, a date beyond the 20-day extension in the clerk's order. *See* [DE-1-2]; [DE-13-2]. Because Plaintiff failed to file his complaint before the extension expired, his action abated in accordance with the specific language of Rule 3. *See Osborne*, 110 N.C. App. at 853, 431 S.E.2d at 498 (finding action abated when plaintiffs filed their complaint 21 days past the date specified in the court's order). Accordingly, the filing of Plaintiff's complaint on January 2, 2013, marked a new commencement of the action, this time outside the three-year statute of limitations. *Id.*, 110 N.C. App. at 854, 431 S.E.2d at 499 (stating that an action past the extension would "have to be deemed a new action since the old one had abated").

6

Although Plaintiff does not deny that he filed his complaint after the 20-day extension deadline in the clerk's order, he argues that the court should deny Defendants' motions because the late filing was the result of "excusable neglect." [DE-20] at 3-4. Though not specifically cited by Plaintiff in his response, presumably Plaintiff is relying on North Carolina Civil Rule 6(b) which permits courts to extend a time period specified in the Rules of Civil Procedure based upon a finding of "excusable neglect." *See* N.C. R. Civ. P. 6(b). Plaintiff contends that the court may find excusable neglect because Plaintiff's counsel deposited the complaint with UPS on Friday, December 28, 2012, in advance of the filing deadline, for next day delivery to the Craven County Clerk of Court and "no substantial prejudice should come to Defendant[s] as a result of this one day delay." [DE-20] at 4.

While it is true that courts may entertain an argument of "excusable neglect" in the context of a number of rule-based deadlines for a party's failure to act, Plaintiff's argument is not applicable to the circumstances of this case.[3] North Carolina Civil Rule 3 does not, itself, contain an "excusable neglect" exception and the court finds no authority elsewhere to overrule the express language of Rule 3(a) which states that the action *abates* when a party fails to file the complaint within the period specified in the clerk's order. *See Osborne*, 110 N.C. App. at 854-55, 431 S.E.2d at 499 (finding an extension under N.C. R. Civ. P. 6(b) would not prevent the action from abating because "a judge may not . . . interfere with the vested rights of a party where pleadings are concerned," specifically a defendant's vested right to rely on the statute of limitations); *see also Dozier v. Crandall*, 105 N.C.

---

[3] The inapplicability of excusable neglect obviates the court's review of Plaintiff's mailing documentation, or other matters not appropriately considered within a motion to dismiss. *See Clark*, 329 F. Supp. 2d at 697 (discussing matters outside the pleadings that may be properly considered by the court in a motion to dismiss without requiring the motion to be converted to one for summary judgment).

7

App. 74, 78, 411 S.E.2d 635, 638 (1992) (finding no authority to permit Rule 6 to override the express provisions of Rule 4 providing for the *discontinuance* of an action upon failure to continue the action through endorsement or issuance of alias or pluries summons within the time specified); *cf. Atkinson*, 14 N.C. App. at 641, 188 S.E.2d at 704-05 ("Even if the other requirements of Rule 3 had been met, plaintiff is not saved by Rule 6(b) . . . [because] [n]o motion based on excusable neglect was made after the period of extension expired."). Abatement occurs by the express language of Rule 3, even for a complaint filed one day late, and "excusable neglect" may not prevent this result. Therefore, since Plaintiff's action abated without exception as a result of the complaint being untimely filed, the complaint filed January 2, 2013, served to commence a new action past the period of limitation. Accordingly, Plaintiff's action is time barred and the court recommends Plaintiff's complaint be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendant Gibbs' Motion to Dismiss [DE-11] be GRANTED, Defendant Kelly's Motion to Dismiss [DE-13] be GRANTED, and that Plaintiff's complaint be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties or the unrepresented parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, this the 17th day of January 2014.

                                  _____
                                  Robert B. Jones, Jr.
                                  United States Magistrate Judge