IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:13-CV-111-FL

| | |
|---|---|
| WINFRED E. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KELLY SERVICES, INC. and ) | |
| GIBBS INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Gibbs International, Inc. ("Gibbs") (DE 11) and defendant Kelly Services, Inc. ("Kelly") (DE 13). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") (DE 25) wherein it is recommended that the court grant the motions. No objections to the M&R have been filed, and the time within which to make any objection has expired. For reasons given the court ADOPTS the M&R in full, and GRANTS defendants' motions.

Plaintiff initiated a civil action on December 11, 2012, in Craven County Superior Court, filing an Application and Order Extending Time to File Complaint, which order was approved by the clerk that same day ("clerk's order"). See DE 1-2, at 3. Plaintiff was given until December 31, 2012, to file a complaint. Id. The clerk's order further provided that "[i]f a complaint is not filed within the above period, the action shall abate." Id.; see also N.C. R. Civ. P. 3(a) (providing that a plaintiff may initiate a civil action by issuance of a summons if that plaintiff requests and receives

permission to file a complaint within twenty (20) days, and further providing that if the complaint is not filed within the time specified, the action will abate).

Plaintiff's complaint was not filed in the Craven County Superior court until January 2, 2013. In that complaint, plaintiff alleges that defendant Kelly is a temporary staffing provider who hired plaintiff to provide construction services for defendant Gibbs, and that he was terminated from his employment on December 11, 2009, solely because of his age. Plaintiff asserts a claim for relief against defendants for age discrimination in violation of North Carolina common law and public policy. The action was removed to this court on May 2, 2013. On May 28, 2013, defendants each filed motions to dismiss (DE 11, 13) asserting that plaintiff's claim is time barred. Plaintiff responded in opposition, and defendants replied.

In the M&R it is recommended that defendants' motions to dismiss be granted. Absent a specific and timely filed objection to a magistrate judge's M&R, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As set forth in the M&R, the record clearly shows that plaintiff's complaint was not filed until January 2, 2013. Because plaintiff did not file his complaint within the twenty (20) day extension in the clerk's order, the action filed on December 11, 2012, abated. N.C. R. Civ. P. 3(a). Thus, the action was "'utterly dead and [could not] be revived except by commencing a new action.'" Hovey v. Fed. Emergency Mgmt. Agency, No. 2:07-CV-34-FL, 2008 WL 2113171, at *2 (E.D.N.C. May 19, 2008) (quoting Osborne v. Walton, 110 N.C.App. 850, 853 (1993)).

2

Accordingly, the December 11, 2012 action abated, and the filing of plaintiffs' complaint on January 2, 2013 marked the institution of a new action on that date.

The statute of limitations for common law wrongful termination in North Carolina is three years. See N.C. Gen. Stat. § 1-52; Hall v. Tyco Int'l Ltd., 223 F.R.D. 219, 250 (M.D.N.C. 2004) ("[A] common-law wrongful-discharge claim must be brought within three years of the date of termination or it is time barred."); Renegar v. R.J. Reynolds Tobacco Co., 145 N.C.App. 78, 79 (2001) ("It is undisputed that the statute of limitations for a wrongful discharge action under North Carolina law is three years from the date of discharge."). Plaintiff's discharge occurred on December 11, 2009. Thus, where the instant action was filed January 2, 2013, it is barred by the statute of limitations.

In sum, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, defendants' motions to dismiss (DE 11, 13) are GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of March, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge